**BREWER v. UNITED STATES.**

No. 27647.

District Court, N. D. California, S. D.

Feb. 18, 1948.

Melvin M. Belli and Lou Ashe, both of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, of San Francisco, Cal., for defendant United States.

GOODMAN, District Judge.

The United States has moved to dismiss plaintiff's amended complaint, wherein recovery of damages is sought under the "Federal Tort Claims Act", 28 U.S.C.A. § 921 et seq., for injuries alleged to have been suffered by plaintiff, an American merchant seaman, due to the negligent operation of an army jeep driven by a solider of the United States Army in Okinawa in June of 1947. At the time alleged, Okinawa, an island of the Ryukyu group, over which Japan was acknowledged to be the sovereign, was under occupation by American military forces, pursuant to the terms of the Japanese surrender of September 2, 1945.

The primary ground of the motion to dismiss is that the United States in waiving its immunity to suit by 28 U.S.C.A. § 921 et seq. expressly excluded "any claim arising in a foreign country." 28 U.S.C.A. § 943(k).

Plaintiff has presented the superficially novel contention that Okinawa is not a "foreign country," but, because it has been militarily conquered and is under the exclusive military domination of the United States, is a part of the domain of the United States as its conqueror.

But this contention is basically unsound, because, under international law and our own, conquest alone does not make a foreign country any less foreign, at least

so far as the reach of the statutes of the United States is concerned.

In Fleming v. Page, 50 U.S. 603, 13 L.Ed. 276, the Supreme Court in passing upon the right to recover customs duties paid upon the importation of goods from the Mexican Port of Tampico, then under the exclusive military possession of the United States during the Mexican war, said: "The Mexican authorities had been driven out, or had submitted to our army and navy; and the country was in the exclusive and firm possession of the United States, and governed by its military authorities, acting under the orders of the President. But it does not follow that it was a part of the United States, or that it ceased to be a foreign country, in the sense in which these words are used in the acts of Congress." The court further pointed out that the United States could only extend its boundaries by treaty or legislative authority. The doctrine of Fleming v. Page has been followed with approval in later decisions.[1] See Hackworth's "Digest of International Law" (1940) Vol. 1, p. 421, 427 for a discussion of the difference between "conquest" and "annexation" of territory.[2]

Furthermore, it appears from the record that the Department of State, in conformity with these principles has declared Okinawa to be foreign territory under military occupation of the United States.

■ Nothing in the purpose or objectives of the Tort Claims Act indicates that the United States intended to permit itself to be sued for claims arising in foreign countries occupied by our military forces. By Sec. 931(a) of the Act the law of the place where the act or omission occurs is made applicable. The same section also vests exclusive jurisdiction to hear and determine claims asserted thereunder in "the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States." It is obvious therefore that Congress intended that the provisions of the act should apply only in places where the juridical power of the United States lawfully obtains.

The motion to dismiss is granted.

[1] De Lima v. Bidwell, 182 U.S. 1, 182, 183, 21 S.Ct. 743, 45 L.Ed. 1041; Downes v. Bidwell, 182 U.S. 244, 345, 346, 21 S.Ct. 770, 45 L.Ed. 1088; Republic Aviation Corporation et al. v. Lowe et al., D. C., 69 F.Supp. 472, 478.

[2] See Spelar v. United States, D.C., 75 F.Supp. 967 (Newfoundland Airfield, leased to United States, held to be "foreign" country); Brunell v. United States, D.C., 77 F.Supp. 68 (Saipan held to be "foreign country."); Straneri v. United States, D.C., 77 F.Supp. 240, 241 (Belgium held to be "foreign country.")

See also 7 F.R.D. 689, Judge Hulen, re reasons for "foreign country" exclusion.