**KING v. UNITED STATES.**

No. 12905.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1949.

Rehearing Denied Jan. 9, 1950.

Gus B. Mauermann, San Antonio, Tex., Robert G. Harris, San Antonio, Tex., Ben F. Foster, San Antonio, Tex., for appellant.

Henry W. Moursund, U. S. Atty., San Antonio, Tex., Joel W. Westbrook, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

Appellant brought this action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages caused by a student flier of the United States Army Air Force when he crashed a training plane into her home in San Antonio, Texas, setting fire to and destroying the home and its contents. Seven associated actions arose out of this crash, and the outcome of these actions depends upon the decision of the appeal now before the court. Summary judgment was rendered by the court below on the pleadings.

The facts are as follows: On or about July 11, 1948, William N. White was a cadet in training and a duly accredited member of a United States Army Air Force training group stationed at Randolph Field, which is located near San Antonio, Texas. Shortly after midnight on the above-mentioned date, Cadet White, while under the influence of liquor, took off from Randolph Field in an AT-6 training plane. None of the military police on patrol or officers on duty knew of Cadet White's taking the plane. While he was flying the plane low over the city, it crashed into appellant's home, causing the damage for which recovery is now sought.

Under the Federal Tort Claims Act, the United States is made liable for money damages for injury, or loss of property, caused by the negligent or wrongful act or omission of any employee of the government, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable in accordance with the law where the act or omission occurred. The issue now presented on appeal is whether or not the United States, as owner of this airplane, is liable for damages resulting from its negligent operation by a member of the United States Army Air Force when the operation was without the authorization, knowledge, or consent, of the owner. In a case of this nature, the United States cannot escape liability if a private person under similar circumstances should be held liable.

There are no special statutory provisions that regulate or govern the responsibility of persons owning and operating airplanes. In the absence of such statutes, the rules of law applicable generally to torts govern. The ordinary rules of negligence and due care are invoked. In granting appellee's motion for summary judgment, the court below found that, on the occasion of the alleged accident, Cadet White was operating the airplane without defendant's knowledge or consent. The appellant in open court admitted this fact to be true. The court also considered an affidavit made by Lieut. Col. George F. Anderson, Director of Flying Training at Randolph Airforce Base, to the effect that no training flight or flight conducted by any student in training could be performed without his knowledge or consent, and that to his personal knowledge there was no student-flying of any character scheduled or authorized by him during the time when the crash occurred. Appellant did not file any affidavits to contradict or oppose this fact. Having

found that Cadet White was operating the airplane without the knowledge or consent of appellee, the lower court ruled that no other facts alleged by the appellant presented a genuine issue of fact. .

■■ Appellant contends that the lower court erroneously construed the Federal Tort Claims Act. It seems to us that the above findings of the lower court, and its rulings in accordance therewith, were based solely on the law of the place where the accident happened, which is in accordance with the provisions of the Federal Tort Claims Act. Moreover, under the act, there can be no recovery in appellant's favor unless the federal employee was acting within the scope of his office or employment when he committed the wrong. Acting within the scope of his office or employment, in the case of a member of the military forces, means acting in line of duty. United States v. Campbell, 5 Cir., 172 F.2d 500, 502. Cadet White was not acting in line of duty when he left the army post, got drunk, returned, and took off as he did with a plane, which crashed into appellant's house. In so doing, Cadet White was on a frolic of his own, and was not in any manner serving the interests of the United States.

■ The operation of the airplane in this case is analogous to the operation of an automobile under similar circumstances. Cases dealing with the operation of automobiles have consistently held that the owner of the car is not liable for damages resulting from the negligent operation of such car without the owner's knowledge or consent. Some courts have held that an automobile in the hands of an inexperienced or incompetent person is a dangerous instrumentality, but even then the owner must knowingly permit such an incompetent or inexperienced person to use the car. In the present case, the operator of the airplane took it without authority and without the knowledge or consent of the appellee, its owner. We find no ground of liability on the part of the owner of the airplane in these circumstances.

The facts being undisputed that the airplane was being operated without the authorization, consent, or knowledge, of any-

one acting in line of duty for the United States, the court below was correct in holding that there could be no recovery in this case. The judgment is

Affirmed.