**FIELD v. UNITED STATES.**

No. 48 C 1078.

United States District Court
N. D. Illinois, Eastern Division.

Oct. 13. 1952.

Bernard H. Buchholz, Chicago, Ill., for Field.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

LA BUY, District Judge.

The above cause was brought pursuant to the provisions of the Federal Tort Claims Act to recover for damages to plaintiff's automobile as a result of the alleged negligence of an employee of the United States. The government answered denying the allegations of the complaint and specifically denying the employee was acting within the scope of his employment at the time of the accident. Subsequently, the government

moved for a summary judgment submitting an affidavit of said employee wherein he averred he had gone off on a frolic and detour of his own at the time the accident occurred. This motion was overruled for the reason that whether or not such was the fact was a question to be decided on its merits.

The cause was tried and the record discloses that the government admitted ownership of the vehicle and that it was being driven by James Jones, an employee of the War Assets Administration. The testimony of the driver of the plaintiff's automobile that said employee at the time of the accident stated that he was on government business was admitted by the court as being within the res gestae exception to the hearsay rule. No other evidence was introduced by the plaintiff on the question of agency. On the basis of plaintiff's other evidence, the court was of the opinion that said evidence established the accident was caused by the negligence of the government employee.

At the close of the plaintiff's case, the government moved for a judgment in its favor on the ground that the plaintiff had not sustained its burden of proof as to whether said employee was acting within the scope of his employment at the time of the accident. The decision is dependent upon the government's admission of ownership of the vehicle involved, supported by a presumption prevailing in the courts of Illinois, and the hearsay statement alluded to above.

The Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, inclusive, establishes the right of an injured person to bring a tort claims against the United States, and Section 2674 thereof provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, * * *."

The original jurisdiction of this court in actions of this nature attaches by virtue of Section 1346(b) of Title 28 U.S.C.A., as follows:

"Subject to the provisions of chapter 171 of this title (Tort Claims Procedure), the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * *, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

It thus appears that the law of the state where the district court is held is made applicable by the federal statute. Feres v. United States, 1950, 340 U.S. 135, 140–141, 71 S.Ct. 153, 95 L.Ed. 152. In addition, Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., with respect to evidence provides:

"* * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence * * * applied in the courts of * * * general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

It is conceded by the government that there is a "presumption applying in the courts of Illinois to the effect that if ownership of a vehicle is proved to be in the defendant, the plaintiff has made out a prima facie case not only that the driver was the agent of the owner, but also that the agent was acting within the scope of his employment" and the burden of proceeding with the evidence shifts to the defendant "to demonstrate that either there was no agency or that the agent was not acting

within the scope of his employment, or both." Howard v. Amerson, 1925, 236 Ill. App. 587.

The extent and the varied ramifications of application of state law to federal courts are governed by the basic principle enunciated by the Supreme Court of the United States in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, where the issue arose in a diversity of citizenship case. In any event, since the Federal Tort Claims Act specifically authorizes the application of state law, the extent of such application must be within the boundaries which the Erie doctrine had delineated.

█ Phrased simply, this doctrine is that matters of procedure are governed by federal and not state law and substantive rights are determined by the state statutes and decisions. However, the applicability of this seemingly clear and simple guide is beset with difficulty and confusion. The law of evidence is a vast field encompassing within it matters which are of a substantive nature and matters which are of a procedural nature. It has been said, however, that rules of evidence are within the domain of procedural law, Moore's Federal Practice, Volume 5, page 1310, and the fact that the Federal Rules of Civil Procedure made special reference to the field of evidence, Rule 43, indicate the intention to treat it as a matter of procedure. Barnett v. Aetna Life Ins. Co., 3 Cir., 1943, 139 F.2d 483, concurring opinion, page 486. No decisive pronouncement has been made, however, which would permit this court to conclude that rules of evidence are procedure and it seems pertinent to analyze the nature of the state statutory presumption here involved. An excellent dissertation on the subject of presumptions is to be found at page 1337, Volume 3, Moore's Federal Practice:

"* * * Conclusive presumptions of law are positive rules of substantive law and, therefore, under the Erie case where a presumption is made conclusive by state law it must be applied in non-federal matters. There are other presumptions which are not conclusive but which shift the burden of proof and since as noted above burden of proof is substantive such state created presumptions must be applied in non-federal cases. More difficulty is encountered when the presumption does not change the burden of proof but only the burden of going forward with the evidence. In certain situations if the plaintiff establishes a prima facie case, the burden of going forward with the evidence to refute it is upon the defendant. Here the plaintiff may be aided by a legal presumption, whose general purpose is to compel some explanatory testimony on behalf of the defendant. The now prevailing view seems to be that a presumption is not evidence and will serve the plaintiff only in the absence of some evidence by the opposite party; that a presumption does not shift the burden of proof; that in the face of contrary evidence produced by the defendant the presumption has spent its force and the plaintiff must sustain the burden of proof—that is, the risk of persuasion. At other times the presumption is given the effect of evidence to be weighed against the counter evidence, and the conflict resolved by the trier of fact. * * *"

The presumption in the instant case has been held not to be evidence, Dean v. Ketter, 1946, 328 Ill.App. 206, 212, 65 N.E.2d 572, and its operation is only to supply an inference of fact from facts in evidence and does not shift the burden of proof. Howard v. Amerson, supra. Thus, the defendant herein, submitting no evidence to rebut the presumption, states the plaintiff has not sustained its burden of proof.

█ Professor Moore concludes as to these presumptions as follows:

"Whatever the rule in these situations, federal courts in diversity cases should probably follow it since the effect accorded these presumptions may substantially affect the rights of the parties, and there is nothing in the Federal Rules to the contrary."

But it is apparent that in the pronouncement of this guide, the author stressed applicability to non-federal matters since the Erie rule by its own terms is inapplicable

to matters governed by the Constitution and federal statutes. State law cannot limit the jurisdiction or restrict the procedure of the federal courts in such matters. But the Erie rule has governed in nondiversity cases as to matters not governed by the federal constitution, acts of Congress or treaties. Wichita Royalty Co. v. City National Bank, 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515; Continental Cas. Co. v. Schaefer, 173 F.2d 5, certiorari denied United States v. Clearfield Trust Co., 3 Cir., 130 F.2d 93, affirmed 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; Stewart v. United States, 7 Cir., 1951, 186 F.2d 627.

It is pertinent, therefore, to analyze the act under which this suit is brought. The act under consideration is purely federal in nature since the right of the United States to sue and be sued exists only through an act of Congress. The exercise of those rights are to be applied within the limits of the grant. It is to be noted that "Acting within the scope of his office or employment" has been specially defined in the statute itself. Section 2671, 28 U.S.C.A. In United States v. Standard Oil Co., 9 Cir., 1947, 332 U.S. 301, 305, 67 S.Ct. 1604, 1607, 91 L.Ed. 2067, the Supreme Court stated:

> "Perhaps no relation between the Government and a citizen is more distinctly federal in character than that between it and members of its armed forces. To whatever extent state law may apply to govern the relations between soldiers or others in the armed forces and persons outside them or nonfederal governmental agencies, the scope, nature, legal incidents and consequences of the relation between persons in service and the Government are fundamentally derived from federal sources and governed by federal authority. See Tarble's Case, 13 Wall. 397, 20 L.Ed. 597; Kurtz v. Moffett, [Moffitt] 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed., 458. So also we think are interferences with that relationship such as the facts of this case involve. For, as the Federal Government has the exclusive power to establish and define the relationship by virtue of its military and other powers, equally clearly it has power in execution of the same functions to protect the relation once formed from harms inflicted by others."

This power was defined anew by the Court of Appeals for the Fourth Circuit in United States v. Sharpe, 1951, 189 F.2d 239, 241:

> "* * * whether Sergeant Thompson was 'acting within the scope of his office or employment' within the meaning of the statute in operating his automobile; * * * this involves a question of statutory construction as to which the federal courts are not bound by local decisions but apply their own standards. Feres v. United States, 340 U.S. 135, 142–144, 71 S.Ct. 153 [95 L. Ed. 152]; United States v. Standard Oil Co., 332 U.S. 301, 305–306, 67 S.Ct. 1604, 91 L.Ed. 2067; D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956; Deitrick v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694. We look to the federal law and decisions to determine whether or not the person who inflicted the injury was an 'employee of the Government * * * acting within the scope of his office or employment'. We look to the local law for the purpose of determining whether the act with which he is charged gives rise to liability. The Tort Claims Act adopts the local law for the purpose of defining tort liability, not for the purpose of determining the relationship of the government to its employees."

In State of Maryland v. United States, 4 Cir., 1947, 165 F.2d 869, 870, 871, 1 A.L.R. 2d 213, the state law was held to govern a claim under the Tort Claims Act under circumstances where the doctrine of respondeat superior applied and to determine that application the following state tests were to be used: (1) what acts or omissions of an "employee of the Government while acting within the scope of his office or employment" are negligent or wrongful and hence actionable, (2) who is entitled to maintain the action, and (3) what is the measure and extent of recovery. Long v. United States, D.C.Cal., 1948, 78 F.Supp. 35, 37.

██ From the foregoing the court concludes that the meaning of the words "within the scope of his office or employment" and the elements constituting it are federal questions to be determined by construction of the federal statute and the presumption prevailing in the Illinois courts cannot serve to restrict and limit the proof to be adduced to establish that relationship.

██ Having concluded that the presumption does not apply to sustain the plaintiff's burden of establishing the agency, the next question to be determined is whether such burden was met by the admission of the hearsay statement in evidence. In King v. Chicago B. & Q. R. Co., 1925, 235 Ill.App. 401, 406–407, the Illinois Appellate court said as follows:

> "In passing upon the competency of the major portions of these questions it is sufficient to say that the court properly sustained the objections for the reason that the questions called for conversations and acts of Shadow, Dubin and King which were out of the presence of the appellees, there being no proof that the two former were agents of the appellees. Before the acts, declarations, or representations of an alleged agent are admissible in evidence against the principal there must first be a prima facie showing as to the authority of the agent. The authority of the agent, where the agency is directly involved, can only be established by tracing the authority to its source by words or acts of the alleged principal. It cannot be found to exist only in the acts or statements of the agent himself. * * *"

If the presumption prevailed, the hearsay statement would be admissible since the plaintiff has established a prime facie case. Having determined that the presumption can not govern in the instant case, the court adheres to the general rule, existing as well in Illinois, that an agency cannot be proved by the mere declaration of an agent, Proctor v. Tows, 1885, 115 Ill. 138, 3 N.E. 569, and such declarations are not admissible to establish the existence of such relationship.

The government's motion for a finding in its favor at the close of the plaintiff's case is therefore granted and counsel are requested to present an appropriate order in accord therewith. The court adopts this opinion as its Finding of Facts and Conclusions of Law.