## CURTIS v. UNITED STATES.
### No. 3667.

United States District Court
N. D. New York.
Tried Nov. 12, 1952 and May 11, 1953.
Submitted Sept. 2, 1953.
Decided Sept. 18, 1953.

Gray, Norem, Van Lengen & Van Lengen, Syracuse, N. Y., Geo. W. Gray and Robert W. Van Lengen, Syracuse, N. Y., of counsel, for plaintiff.

Anthony F. Caffrey, U. S. Atty., Syracuse, N. Y., for United States.

BRENNAN, Chief Judge.

This action is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to recover a money judgment resulting from the loss of young mink or kits, caused through the alleged negligence of United States military personnel.

The evidence is without serious factual dispute, and the essential findings will be summarized in narrative form.

In May, 1948, prior and subsequent thereto the defendant owned and operated the Griffis Air Force Base near the City of Rome, New York, as a ground and flying training unit for military personnel, and for military purposes. Various types of aircraft were stationed at the field, and the arrival and departure of planes therefrom was a usual operation. The plaintiff at the time pertinent herein was engaged in the breeding and raising of mink upon a small farm located in the Town of Vernon, a short distance east of the City of Oneida and about 15 miles from the Air Field. In May, 1948, the defendant had a total of about 140 young mink kits in the mink pens located as above. On a certain morning in May, 1948 two planes described by the plaintiff as "P-51 Mustang Fighters" appeared over a knoll and flew over the mink pens at a height so low that the backwash of the planes disturbed the top branches of neighboring trees. The flight of the planes created a loud and unusual noise. The

plaintiff immediately went to the mink pens, and found that the animals were in a state of great excitement, which condition he endeavored to remedy. The older mink, in an endeavor to remove the young from the position of apprehended danger, caused injuries which resulted in the total loss of a large number of young mink. The two planes above mentioned were traveling in formation, and approached the plaintiff's premises from the direction of the Air Field. Evidence as to plaintiff's damage was received, but in view of the decision an evaluation of same is unnecessary.

■ At the trial the Court was impressed that the testimony of the plaintiff as to the occurrence above described, as to the type of planes involved, and as to the action of the planes immediately prior to the damage, was essentially true. Determining the weight of evidence in accordance with the power of the plaintiff to produce same, the Court is ready to find by inference that the planes involved were owned by the defendant. A finding of negligence by the operators of the planes is justified from the evidence.

Upon this meager record the plaintiff seeks a money judgment. The difficulty is immediately apparent. There is a total failure of proof as to the operation of the planes causing the damage by defendant's agents within the scope of their employment.

■ Ownership of the instrumentality causing the damage is not, however, sufficient to subject the defendant to liability, even where negligence in its use or operation is found. The statute itself—28 U.S.C.A. § 1346(b)—provides that the negligent act must have been performed by an employee of the government while acting within the scope of his employment, in order to subject the defendant to liability. In substance, the plaintiff asks the Court to assume here that the planes were operated by an employee of the defendant and within the scope of his employment. It is plain that to so find would be to pile inference upon inference. The Court is willing to infer by reason of the circumstances here that the planes were owned by the defendant, but it would violate the well-recognized rule of evidence if, from the inferred fact of ownership, it is further inferred, (a) that it was operated by an employee of the United States; and (b) that such employee was acting within the scope of his employment. The dividing line between logical inference and pure speculation is not easily drawn, but in the Court's opinion it would be pure speculation to find in the absence of a single bit of evidence that the planes in question were operated by United States military personnel upon a regular training mission, when it is just as probable that they may have been operated by National Guard personnel, not in federal service although using federal equipment. Under such circumstances the defendant would not be liable. McCranie v. U. S., 5 Cir., 199 F.2d 581; see also Larkin, etc. v. U. S., D.C.N.D. N.Y., 118 F.Supp. 435, and cases cited therein.

The plaintiff cites no cases which may be considered as authorities justifying the Court to adopt his contention as indicated here. There is no claim that under New York State law the sole fact of ownership of a plane creates a presumption or justifies an inference that it was operated by the servant of the owner in the course of the servant's employment. It appears to be undisputed that the well-known rule of liability of the master for the acts of his servants is to be invoked in this case. It is unnecessary then to meet the problem as to the application of federal or state law, which is considered in the case of Field v. U. S., D.C., 107 F.Supp. 401.

■ The Act, which in effect waives the immunity of the United States from suit, generally speaking must be strictly construed. This principle is not annulled by Spelar v. U. S., 2 Cir., 171 F.2d 208, wherein the extent of coverage afforded by the Act was involved. Here we do not have that question. The problem is one of proof. The circumstances are such that the Court would like to re-

imburse the plaintiff for the damages caused, but generosity is not the function of the court in determining litigation. The law on occasion may be bent to do justice, provided care is taken to see to it that it is not broken. Problems under the Federal Tort Claims Act by Judge Yankwich, 9 F.R.D. 143, at page 169. To permit the plaintiff to recover here would annul the provision of the statute which plainly limits liability to negligent acts of government employees acting within the scope of their authority. This amounts to eliminating by judicial decision the above provisions of the statute.

■ The decision here seems to be in accord with the reported authorities. Plaintiff has not met the burden imposed upon him under the statute. Hubsch v. U. S., 5 Cir., 174 F.2d 7, at page 9, and U. S. v. Lushbough, 8 Cir., 200 F.2d 717, at page 720. Other cases which apply the scope of employment doctrine are King v. U. S., 5 Cir., 178 F.2d 320; U. S. v. Eleazer, 4 Cir., 177 F.2d 914; U. S. v. Campbell, 5 Cir., 172 F.2d 500; and Field v. U. S., supra. It may be added that the rule in New York State is not in conflict. "The law has always been that a master is not liable for the acts of his servant or agent unless acting within the scope of his employment." Psota v. Long Island R. R. Co., 246 N. Y. 388, at page 393, 159 N.E. 180, at page 181, 62 A.L.R. 1163.

The cases cited by the plaintiff, viz.: Cox v. U. S., 73 F.Supp. 1022, 109 Ct. Ct. 470, and Cerri v. U. S., D.C., 80 F. Supp. 831, are distinguishable. The Cox case was decided under a private act of Congress. In the Cerri case the acts of the government's employee were found to be within the scope of his employment. The case of Lund v. U. S., D.C., 104 F.Supp. 756, although not cited by the plaintiff, has come to the Court's attention. It is not deemed an authority which would overcome the deficiency in proof in the instant case.

In making the decision here it may be stated that the Court understands that evidence which might supply the defi-ciency has not been purposely withheld. Circumstances make such evidence unavailable.

The findings above made are the findings of this Court, and it is concluded that the Court has jurisdiction of the cause of action; that the plaintiff has failed to establish a claim upon which relief may be granted; and the complaint must be dismissed.

Judgment will follow accordingly.