**WHITE v. KENNEDY.**

No. A-9684.

District Court, Alaska,
Third Division, Anchorage.
March 29, 1954.

Herman H. Ross, Anchorage, Alaska, for plaintiffs.

Wendell P. Kay, Anchorage, Alaska, for defendant.

**FOLTA, District Judge.**

From an adverse judgment of the Justice Court for Anchorage Precinct, the defendant has appealed to this Court, where the case was heard de novo.

The plaintiffs have resorted to an action of forcible entry and detainer to repossess property sold to the defendant, consisting of the business of a restaurant and personal property used in connection therewith, together with the "unexpired portion of the lease of the premises upon which the business is conducted". Payments under the contract consisted of installments on the sale price of such personal property and for rent of the premises referred to. The complaint alleges default in the payment of the rental for July, 1953.

So far as repossession of the personal property is concerned, the employment of this kind of action would seem to be a circumvention of the relevant provisions of the conditional sales statute governing repossession, A.C.L.A. § 29–2–16. But it is obvious that, even though the Court should disregard this aspect of the case and deal with the case as though real property only were involved, restitution of the premises would in any event enable the plaintiffs to recover such of the personal property as it would be impracticable or uneconomical to remove and, hence, it appears that the plaintiffs will be able to accomplish by indirection what they could not do directly.

The first question presented, therefore, is whether such a consequence is a bar to this proceeding. The argument directed to the affirmative of this proposition proceeds upon the theory that even though the complaint does not seek in so many words the recovery of personal property, it should nevertheless be construed as seeking such relief and the complaint dismissed for a lack of jurisdiction of the Justice Court over an action for the recovery of personal property exceeding $1000 in value, and consequently a lack of derivative jurisdiction in this Court. However, I am inclined to the opinion, particularly in the

absence of any authority on the point, that so long as the Court limits its consideration to the claim of right to repossess the real property, incidental consequences of the kind referred to are irrelevant.

It was pointed out in this Court that during the trial in the Justice Court a tender of the rental for July was made and accepted. The plaintiffs then moved to amend their complaint to allege default in payment of the rental for August and September. It would appear that this kind of amendment is prohibited under 68–9–14, A.C.L.A.1949, but since the pertinent provisions of that section appear to be in direct conflict with the Federal Rules of Civil Procedure, 28 U.S.C.A., I am of the opinion that, to the extent of such conflict, the local statute must be deemed to have been superseded.

It is not necessary to consider the remaining contentions, for in my opinion the fact that the lease under which the plaintiffs claim the right of repossession expired October 7, 1953, is decisive of this controversy. The plaintiffs argue that, since the option to renew, at a rental to be thereafter agreed upon, has been exercised the lease should be treated as renewed, but an examination of the lease shows that under its provisions not only must the option be exercised, but also the agreement as to the future rental concluded, before the expiration date. It is admitted that although the plaintiffs have given notice of their desire to exercise the option to renew, the only agreement reached thus far is to negotiate an agreement as to future rental if the plaintiffs prevail in this action. This is insufficient to keep the lease alive and, hence, I am of the opinion that the basis for the right of repossession, essential to the maintenance of this action, has been lost. 36 C.J.S., Forcible Entry and Detainer, §§ 3, 21(a), pages 1146, 1159.

The plaintiffs also rely on the rule, as set forth in 22 Am.Jur. 942, Sec. 46, that the right to judgment in an action of this kind depends on the facts as they existed at the time of the trial. The case cited in support of the text is not only distinguishable on the facts from the instant case, but also it would appear that this rule is not applicable to a trial de novo. Kelley v. Kelley, 187 Iowa 349, 174 N.W. 342. I am of the opinion, therefore, that the complaint should be dismissed.