**WHITE et ux. v. KENNEDY.**

**No. A–9684.**

District Court, Alaska
Third Division, Anchorage.

May 14, 1954.

Herman H. Ross, Anchorage, Alaska, for plaintiff.

Wendell P. Kay, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The conclusion arrived at in my opinion of March 29, 1954, D.C., 119 F.Supp. 625, that the plaintiffs were not entitled to possession of the premises involved in this controversy, was based in part on the erroneous assumption that no agreement as to rental had been reached under

the renewal provisions of the lease which required the plaintiffs to give notice of their intention to renew and the parties to agree on the future rental, before the expiration of the lease on October 7, 1953. It appears that notice was given within the time specified and that the parties had agreed on the future rental but not until after October 7, 1953, and then the lessor added a third condition —that the plaintiffs prevail in the instant action.

The defendant contends that, since the action was based on the alleged default of the defendant in the payment of the rent for July and the plaintiffs accepted defendant's tender of the rental thereof during the trial in the Justice Court, the cause of action abated. The plaintiffs counter with the assertion that not only was the complaint amended to allege nonpayment of the rental for August and September, but also that a similar motion was made on trial de novo in this court. I am unable to resolve the dispute on this point because the file is unavailable to me, but, since the reporter's notes show that proof of nonpayment of rent for August and September was made, leave is granted the plaintiffs to amend their complaint to conform to such proof.

The question now presented is whether the possession of the plaintiffs under the circumstances stated is sufficient to entitle them to maintain this action.

■ The objection of the defendant, that the parties failed to agree before the expiration of the lease, upon the future rental, is available only to the lessor. The parties have agreed to renew the lease, and their intention should be given effect. No reason appears, and none has been suggested, why the addition of the condition referred to would affect the validity of the renewal agreement. I conclude, therefore, that the parties have entered into a valid agreement, pursuant to the renewal provision, for a renewal of the lease, subject to the contingency referred to, 3 Thompson on Real Property 366, Section 1265, and that such possession is sufficient to entitle the plaintiffs to maintain this action.