## SEIDON v. UNITED STATES.
### Civ. No. 13873.

United States District Court,
E. D. New York.
May 27, 1954.

Leonard P. Moore, U. S. Atty., New York City, Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

Henry K. Nadell, Brooklyn, N. Y., for plaintiff.

INCH, Chief Judge.

In this action plaintiff sues for damages to his automobile which was parked on a public street in Brooklyn, N. Y., on October 15, 1952 when it was struck by an Army vehicle. The Government contends that the Army vehicle was wrongfully taken from Ft. Tilden, N. Y., by a soldier who forced his way through the gate with the vehicle and that while being pursued by a military guard and a civil policeman, he ran into plaintiff's parked car.

The fact that the Government vehicle was wrongfully appropriated is conclusively established by the record of the General Court Martial of the soldier who operated the Army vehicle, the affidavit of the military guard who gave chase, the report of a New York City policeman and plaintiff's own written statement that the soldier was "running from City and Military Police", at the time of the accident. Plaintiff's affidavit, on the other hand, contains no information which can be said to raise a genuine issue as to the misappropriation of the Army vehicle.

The Federal Tort Claims Act provides in part that this Court shall have jurisdiction of claims for damages against the United States "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment". 28 U.S.C.A. § 1346(b). Title 28 U.S.C.A. § 2671 provides that, as used in the above section of the statute, " 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty."

**829**

Inasmuch as no genuine issue is presented with respect to the fact that the soldier operating the Government vehicle was not acting in the line of duty when the accident occurred, he was outside the scope of his employment at the time, and the complaint must be dismissed. King v. United States, 5 Cir., 178 F.2d 320, certiorari denied 339 U.S. 964, 70 S.Ct. 998, 94 L.Ed. 1373; United States v. Lushbough, 8 Cir., 200 F.2d 717; Christian v. United States, 6 Cir., 184 F.2d 523; Williams v. United States, D.C., 105 F.Supp. 208.