Morris MANDELBAUM, Plaintiff,

v.

UNITED STATES of America and
Frank Savage, Defendants.

Civ. No. 12689.

United States District Court
E. D. New York.

April 19, 1955.

Jacob M. Offenhender, Brooklyn, N. Y., Robert G. Burkhart, Jr., New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., Joseph F. Soviero, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff sued the defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671, to recover damages for personal injuries, alleged to have been sustained by him. In the amended complaint, the plaintiff alleged that on February 11, 1952, at about 5:58 P.M., while driving his horse-drawn vehicle on Flushing Avenue, between Washington Avenue and Hall Street in Brooklyn, New York, the same was struck by an Army truck, driven by one Frank Savage, a corporal in the military service, causing those injuries.

The main issue litigated at the trial was whether the soldier, Frank Savage, was acting within the scope of his employment or in the line of duty at the time of the accident.

Section 1346(b) of the said Act grants jurisdiction to District Courts of actions for damages for personal injuries

"caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Section 2671 of the said Act defines acting within the scope of employment as "acting in line of duty."

■■■ The burden of proof was upon the plaintiff to establish that the soldier was acting within the line of duty at the time. Field v. United States, D.C., 107 F.Supp. 401; United States v. Inmon, 5 Cir., 205 F.2d 681; Hubsch v. United States, 5 Cir., 174 F.2d 7. Mere proof of ownership of the truck by the Government does not constitute a presumption or proof that the soldier was so acting. Curtis v. United States, D.C., 117 F.Supp. 912. The Government is liable under the doctrine of respondeat superior to third persons for the acts of its employees under the same circumstances, and no other, as those under which private persons would be liable for the acts of their employees according to the law of the place where the injury occurred. United States v. Campbell, 5 Cir., 172 F. 2d 500.

The facts not in dispute are that on February 11, 1952, Frank Savage was a corporal in the United States Army and was based at Fort Hamilton, Brooklyn, New York; that he had been based there for approximately three months and had never been stationed in the Metropolitan area of New York prior thereto; that on the said date he was directed by a superior to take out a truck, owned by the defendant, United States of America, and proceed to Fort Tilden in Queens County, New York, a distance of about five miles, to aid in the taking of inventory; that both Forts are located on the southerly shore line of the City of New York; that this was the first time he had driven this route, although during the preceding week he had traveled to that place in a passenger car on a road called the "Belt Parkway", from which trucks are barred; that he received directions, lost his way and after inquiry from a policeman, reached Fort Tilden; that between about 3 P.M. and 4 P.M. on that date, he left Fort Tilden on the return trip; that he knew that after crossing the Marine Bridge at the foot of Flatbush Avenue he was required to make a left turn into Avenue U, but missed it; that several hours later he crashed into an automobile, parked, at or near Edwards Street and Park Avenue, Brooklyn; that he fled the scene of the accident and shortly thereafter he was involved in a second accident on Flushing Avenue, between Washington Avenue and Hall Street, the occurrence in which the plaintiff was injured.

Practically all of the evidence of what transpired between the time that Savage left Fort Tilden on the return trip to his base at Fort Hamilton and the collision between the Army truck and plaintiff's vehicle was adduced from the plaintiff's witness, Frank Savage. His recital is most vague and unconvincing. He stated that he left Fort Tilden at 3 P.M. and yet in his examination before trial, he fixed the time of his departure at 4 P.M. The accident occurred at about 6 P.M. His explanation of his movements during those two hours or more is not clear. He stated that he did not take the left turn at Avenue U, but proceeded along Flatbush Avenue, thence over a bridge to Manhattan, without asking anyone for directions to Fort Hamilton and without calling the authorities at that Fort. He gave contradictory testimony that he did stop in Brooklyn for directions, although he said in his deposition that he made no stops and had nothing to drink. He testified that he stopped for a drink at some place over the bridge and there asked for directions. He did not know which bridge he crossed. If he continued along Flatbush Avenue to the end, he would have arrived at the entrance to the Manhattan Bridge. He was vague about the details of the two accidents. He said he was confused. A police officer testified that he smelled liquor on his breath. At the time of the first accident, Savage

was proceeding in an easterly direction on the south roadway of Park Avenue, near Edwards Street. He fled from the scene, without identifying himself, although he admitted that Army Regulations required that he stop. About twelve blocks from that place, while also traveling in an easterly direction on Flushing Avenue between Washington Avenue and Hall Street, Savage's truck crashed into the rear of the plaintiff's vehicle.

The burden is upon the plaintiff to establish that Corporal Savage was acting within the scope of his employment, as such employment is defined by New York law, and that he had not abandoned his principal's business or proceeded on his own course.

The case of McConville v. United States, 2 Cir., 197 F.2d 680, relied upon by the plaintiff, pertains to an accident, having its situs in that state. It is authority for the principle that a junketing chauffeur need not return to the point of departure from his appointed route in order to place him back in the employment of his master, also that the distance the employee must have travelled on the way back so as to place him back in employment is a question of fact. The distance between the place of the accident and the point of departure, as well as the employee's condition are important factors. Lowe v. United States, D.C., 83 F.Supp. 128; Rosa v. United States, D.C., 119 F.Supp. 623; St. Paul Fire & Marine Ins. Co. v. United States, D.C., 116 F.Supp. 51. In the Rosa case, the Court cites the McConville case, adding that [119 F.Supp. 625]: "Surely implicit in the doctrine urged by the plaintiff is the requirement that the wayward employee be, at the indefinite 'point' on the road back when liability resumes, in a normal, alert, sober condition, fit and ready for active duty."

A number of factors militate against a conclusion that Corporal Savage was either on the road back or in fit condition. In the first place, he was far off of the course, leading to Fort Hamilton. In fact his truck was about six miles north of the Fort, traveling in the opposite direction thereto, or nearly so. His sobriety was questionable. He crashed into a parked car, fled from the scene of that collision and within a few minutes thereafter his truck struck the rear of the plaintiff's vehicle. He testified that he didn't even see the vehicle and that he was confused. The only evidence that he was attempting to reach Fort Hamilton was his own statement to that effect, which is incredible in view of the other elements contradictory thereto. He was in sight of the New York Navy Yard and made no inquiry there or at any other place. The probability is that he had then recovered his sensibilities to the extent that he desired to exculpate himself from a possible future charge that he had violated Army Regulations.

The evidence of the police officers that the plaintiff admitted that there was no lighted lamp on his vehicle and that none was burning on the vehicle is believable, although it is doubtful that this failure contributed to the accident.

There is no question that the plaintiff sustained serious injuries. It is unfortunate that he cannot be compensated in this action. The cases uniformly hold that the said statute, whereby the sovereign waives immunity, must be strictly construed and that there can be no recovery unless the claimant, in the first instance, by a fair preponderance of evidence, establishes that the Government's employee, at the time of the accident, was acting within the line of duty. In this the plaintiff has failed.

The defendant is entitled to judgment.

Settle decree on notice.