Isadore **FRIEDMAN**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 55 C 1499.

United States District Court
N. D. Illinois, E. D.

March 26, 1956.

---

Francis T. Delaney, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty. for Northern Dist. of Illinois, Richard B. Allen, Asst. U. S. Atty., Chicago, Ill., for the United States.

BARNES, Chief Judge.

1. The plaintiff is Isadore Friedman.

2. The defendant is the United States of America.

3. On December 2, 1953, at 9:30 p. m., the automobile of the plaintiff was parked along the curb of Lawrence Avenue at the southeast corner of the intersection of Kedzie and Lawrence Avenues in the City of Chicago, State of Illinois.

4. A jeep owned by the United States Army and being driven by Private Robert Rogers was proceeding south on Kedzie Avenue.

5. A 1953 Chevrolet Flash Cab was being driven east on Lawrence Avenue by David Karam.

6. The jeep owned by the United States of America came into collision with the Flash Cab, causing the Flash Cab to strike the automobile of the plaintiff and causing damage to same.

7. There is no evidence that the jeep owned by the United States Army was being driven by Private Robert Rogers while said Private Robert Rogers was acting within the scope of his office or employment or while acting in the line of duty.

Conclusions of Law.

1. The Court had jurisdiction to hear this case by virtue of Title 28, § 1346 (b), United States Code.

2. The affirmative burden of proving that the driver of the army jeep was acting "within the scope of his office or employment, or in line of duty" rested upon the plaintiff. Hubsch v. United States, 5 Cir., 174 F.2d 7; Field v. United States, D.C., 107 F.Supp. 401; Mandelbaum v. United States, D.C., 131 F.Supp. 187, 188.

3. Mere proof of the ownership of the jeep by the army does not constitute a presumption or proof that the soldier driving it was so acting "within the scope of his office or employment, or in the line of duty". Mandelbaum v. United States, supra. The meaning of the words "within the scope of his office or employment, or in the line of duty" are federal questions to be determined by construction of the federal statute and the presumptions prevailing in the Illinois Courts cannot serve to restrict and limit the proof to be adduced to establish that relationship. Field v. United States, supra [107 F.Supp. 405].

4. The Federal Tort Claims Act, 28 United States Code, § 1346(b), confers jurisdiction upon this Court to hear claims against the United States on account of damage "caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment * * *." There can, therefore, be no jurisdiction in this Court to hear and determine claims against the United States under the Federal Tort Claims Act for any injury caused by the negligence of an employee who was not acting within the scope of his office or employment or in the line of duty. The Government has not consented to be sued for damage caused by the negligent acts of its employees who are in and about their own personal and private enterprises. This Court does not have jurisdiction to try a tort action against the United States which was not based upon acts within the scope of the employment or duty of the Government employee. Hubsch v. United States, supra.

5. There being no competent evidence in this case that the driver of the army jeep was on the occasion in question acting "within the scope of his office or employment, or in the line of duty", it necessarily follows that the case of the plaintiff must fall and judgment of not guilty must be entered in favor of the defendant United States of America.

Judgment Order.

This cause coming on to be heard for trial and the Court having heard the evidence offered by the plaintiff, it is hereby ordered and adjudged that a judgment of not guilty be entered in favor of the defendant United States of America and that court costs be awarded to the defendant United States of America.