**Waldo E. MILLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 789.**

United States District Court
S. D. Georgia, Savannah Division.

July 13, 1956.

Gene F. Dyar (of Pahno & Dyar), Savannah, Ga., for plaintiff.

William C. Calhoun, U. S. Atty., Augusta, Ga., and Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for defendant.

SCARLETT, District Judge.

Motions for summary judgment by both plaintiff and defendant in the above styled case have been considered by the Court after oral argument by both parties and after consideration of briefs submitted by both parties on points in question.

It appears that the captioned action was brought by plaintiff on January 10, 1955, under permission of the Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., alleging that one Donald L. Seidel, Private First Class, United States Army, while acting as an agent of the defendant and within the scope of his employment as a driver of an Army vehicle, caused the plaintiff property damage in the amount of $1,000 by negligently operating the said Government vehicle and causing it to collide with a parked vehicle belonging to the plaintiff.

On January 19, 1955, service was perfected on the defendant, and on March 3, 1955, a timely answer was filed by the defendant denying each and every material allegation of liability in plaintiff's petition.

The defendant on April 13, 1955, filed a notice of motion for summary judgment and motion for summary judgment, in accordance with the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds that the pleadings and the affidavit attached to the said motion show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. The affidavit attached to the defendant's motion reflected that Pfc. Seidel was convicted on July 30, 1953, by a properly convened Special

Court-Martial of the charge of violating the Uniform Code of Military Justice, Article 121, with the specification that Pfc. Seidel did at Savannah, Georgia, on or about 15 July, 1953, wrongfully appropriate to his own use a 1951 Chevrolet Sedan of the value of about $1,286, the property of the United States. To the specification and the charge Pfc. Seidel entered a plea of guilty through three defense counsels, one of which was requested by the accused, the other two being a regular appointed defense counsel and assistant defense counsel.

On May 6, 1955, the plaintiff filed a notice of motion for summary judgment and motion for summary judgment in accordance with the provisions of Rule 56 of the Federal Rules of Civil Procedure, on the ground that the pleadings and affidavit thereto attached showed that the plaintiff is entitled to judgment as a matter of law. The affidavit attached to plaintiff's motion stated that the information necessary to show liability of the defendant was in the possession and control of the defendant and referred to an attached motion for production of documents moving the Court to order the defendant to produce:

(a) Orders placing Pfc. Donald L. Seidel on temporary duty in Savannah on or about 15 July, 1953, for the G3 Section.

(b) Records indicating duty capacity of Pfc. Seidel on or about 15 July, 1953.

(c) Post Motor Pool Record showing activities during temporary duty period in Savannah.

(d) Records for said period indicating vehicle entrusted to Pfc. Seidel and the extent of such trust during the temporary duty period.

The defendant in reply to plaintiff's motion for production of documents produced:

(a) Copy of certified extract of orders placing Pfc. Seidel on duty 60 days at Hunter Air Force Base for the purpose of driving the pilot and crew of planes temporarily stationed at Travis Field, Savannah, Georgia.

(b) Copies of certified affidavits of Captain Harold F. Nenninger, Executive Officer, G3 Section, Camp Stewart, Georgia, reflecting the duties of Pfc. Seidel on or about July 15, 1953, and reflecting that Pfc. Seidel was acting without the scope of his employment on said date.

(c) Certified copy of Vehicle and Equipment Operational Record, reflecting July 14, 1953, as the latest record of authorized use of a Government vehicle by Pfc. Seidel with said record showing that the last vehicle assigned to Pfc. Seidel was checked in at 1900 hours (7:00 p. m.) on July 14, 1953.

The plaintiff argues that the defendant is not entitled to summary judgment based on the certified copy of Court-Martial proceedings against Pfc. Seidel on the ground that the affidavit involved is the affidavit of the Secretary of the Army that the documents are a true copy of the proceedings and that in any event the plea of guilty by Pfc. Seidel is a self-serving declaration. The plaintiff also contends that record of the Court-Martial proceedings is not sufficient evidence upon which the Court may grant summary judgment.

The defendant replies that the record of the Court-Martial proceedings in question is sufficient evidence upon which to base a summary judgment inasmuch as the record of trial clearly establishes that the instant vehicle was misappropriated. In regard to the affidavit of the Secretary not being an affidavit as contemplated under Rule 56, the defendant argues that the admission of the record is proper since the Court may take judicial notice of the findings of a Court of record when the record of such findings have been duly authenticated. The defendant also contends that the plea of guilty by Pfc. Seidel is not a self-serving declaration of the defendant as such but on the contrary is an admission against interest by Pfc. Seidel. The defendant noted that in addition to the fact that Pfc. Seidel was restricted to his Army Post for three months and fined $100, such an admission also made him personally liable for damages in the instant case.

## Conclusions of Law.

This Court is of the opinion that the plaintiff's motion for summary judgment should be denied and that the defendant's motion for summary judgment should be sustained.

The sole issue to be determined here is whether the driver of the Government vehicle which collided into the plaintiff's vehicle was operating that vehicle within the scope of his employment. It appears from the record of trial of Pfc. Seidel by Special Court-Martial that he has admitted the charge and specification of wrongfully appropriating this property of the United States. The record is admissible for such a purpose and the plaintiff's contention that the plea of guilty by Pfc. Seidel was a self-serving declaration on the part of the defendant is not correct. The fact that the Government may benefit from an admission which is actually an admission against the interest of the person making it does not make the admission a self-serving one of the Government. The record has been duly authenticated and as such this Court may take judicial notice of its contents. In the case of Fletcher v. Evening Star Newspaper Co., 77 U.S. App.D.C. 99, 133 F.2d 395, it was held:

> "On a motion for summary judgment, a lower court, in determining that there is no genuine issue as to any material fact, can take judicial notice of its own records and of other cases including the same subject matter or questions of a related nature between the same parties. * * *
>
> "A motion for summary judgment need not be accompanied by supporting affidavit."

Also see Seidon v. United States, D.C. E.D.N.Y., 123 F.Supp. 828, wherein the Court held:

> "The fact that the Government vehicle was wrongfully appropriated is conclusively established by the record of the General Court Martial of the soldier who operated the Army vehicle, the affidavit of the military guard who gave chase, the report of a New York City policeman and plaintiff's own written statement that the soldier was 'running from City and Military Police', at the time of the accident."

The Court-Martial record was admissible in the Seidon case for the purpose of showing that the Government vehicle was wrongfully appropriated. Although there were other affidavits to support this evidence, evidence of such a court-martial is nevertheless admissible and sufficient within itself to show wrongful appropriation. However, in the instant case, it is not necessary to rely entirely on the Court-Martial record of Pfc. Seidel since the Government, in response to the plaintiff's motion for production of documents, filed additional affidavits and certified copies of records reflecting that Pfc. Seidel had not been assigned a Government vehicle on the date he collided into the plaintiff's vehicle and that he was not driving on his assigned route in the performance of his duties.

The Fifth Circuit Court of Appeals in King v. United States, 178 F.2d 320, 321, deciding an appeal of a ruling by the Honorable Ben H. Rice, Jr., United States Judge for the Western District of Texas, granting a summary judgment in a similar case held:

> "Federal government, as owner of airplane which crashed into home, could not be held liable under Federal Tort Claims Act for damages resulting from negligent operation of plane by member of the United States Army Air Force, where operation of the plane was without authorization, knowledge, or consent of member's superior officers."

The Fifth Circuit Court of Appeals in the cases of Hubsch v. United States and Scheitzer v. United States, 174 F.2d 7, 9, also held:

> "We must reject the contention that judgment can be fastened upon the United States under the Federal Tort Claims Act solely because a

servant of the Government negligently drove a vehicle belonging to the Government which had theretofore been entrusted to such servant, without regard to whether such servant was acting within the scope of his duty. * * * It must be kept in mind, * * * that statutes waiving the immunity of the sovereign to be sued must be strictly applied. Rambo v. United States, 5 Cir., 145 F.2d 670, and United States v. Durrance, 5 Cir., 101 F.2d 109, 110 * * *."

### Order on Defendant's Motions for Summary Judgment and Judgment.

 Wherefore, It Is Ordered, Adjudged and Decreed that the motion for summary judgment by plaintiff be, and the same is, hereby denied, and that the motion for summary judgment by defendant be, and the same is, hereby sustained and that judgment be entered in favor of the defendant without costs to either party.